# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| **LORA BURNETT** | § | |
| | § | |
| **v.** | § | **Case No. 4:21-cv-857** |
| | § | |
| **COLLIN COUNTY COMMUNITY** | § | |
| **COLLEGE DISTRICT;** | § | |
| | § | |
| **H. NEIL MATKIN, in his individual and** | § | |
| **official capacities as President of Collin** | § | |
| **College;** | § | |
| | § | |
| **ANDREW HARDIN, JAY SAAD,** | § | |
| **JIM ORR, DR. RAJ MENON,** | § | |
| **STACEY ANN ARIAS, DR. J. ROBERT** | § | |
| **COLLINS, DR. STACEY DONALD,** | § | |
| **GREG GOMEL and FRED MOSES, each** | § | |
| **in their individual and official capacities as** | § | |
| **Members of the Board of Trustees of** | § | |
| **Collin Community College** | § | |

## DEFENDANTS COLLIN COLLEGE'S AND H. NEIL MATKIN'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)

Defendants Collin County Community College District ("Collin College") and H. Neil Matkin, in his individual and official capacities as president of Collin College, ("Matkin") (collectively, the "Moving Defendants") file this motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and request the Court to dismiss Plaintiff's cause of action for declaratory relief under 28 U.S.C. § 2201 *et seq.*

# I.
# INTRODUCTION

1.1    Plaintiff is Lora Burnett, a former professor at Collin College. Dkt. 1, ¶¶ 14-15. Based on the allegations in her Complaint, Burnett asserts that her teaching contract with Collin College was

---

non-renewed in retaliation for her speech on matters of public concern. See Dkt. 1 ¶¶ 21-105. The Complaint asserts four causes of action: (1) a *Monell* claim under 42 U.S.C. § 1983 against Collin College for the alleged violation of Burnett's First Amendment speech rights; (2) a First Amendment retaliation claim under 42 U.S.C § 1983 against all of the individual capacity Defendants; (3) a First Amendment retaliation claim under 42 U.S.C § 1983 against all of the official capacity Defendants; and (4) a declaratory judgment claim under 28 U.S.C § 2201 against all Defendants. Dkt. 1, ¶¶ 106 – 123.

1.2     As more fully set forth below, Burnett's declaratory judgment cause of action is redundant of her other causes of action and, as such, should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

**II.**
**DISMISSAL PURSUANT TO RULE 12(b)(6)**

**A.      Standard for Dismissal under Rule 12(b)(6)**

2.1     A court has authority under Fed. R. Civ. P. 12(b)(6) to dismiss a suit for failure to state a claim upon which relief can be granted if the complaint does not provide fair notice of the claim and does not state factual allegations showing that the right to relief is plausible.  See *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 & n.3 (2007). A complaint that provides only labels and conclusions or a formulaic recitation of the elements is insufficient to show grounds for the plaintiff to be entitled to relief.  *Id.*  A Rule 12(b)(6) "[d]ismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief..."  *Torch Liquidating Trust v. Stockstill*, 561 F.3d 377, 384 (5th Cir. 2009) (citations omitted).

2.2     While detailed factual allegations are not required, plaintiffs must allege *facts* sufficient to

"nudge [ ] their claims across the line from conceivable to plausible...." *Twombly*, 550 U.S. at 570. Stated another way, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level"; "some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim." *Id.* at 555; *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).

2.3     After *Twombly* and *Iqbal*, "it is now abundantly clear that identifying only what law forms the basis of the complaint, without pleading facts indicating *how* a defendant violated that law, proves only a theoretical possibility that a cause of action *could* be stated against the defendant, not that plaintiff *did* state a cause of action." *Escuadra v. GeoVera Specialty Ins. Co.*, 739 F.Supp.2d 967, 979 (E.D. Tex. 2010).

2.4     Additionally, relevant here, in analyzing a plaintiff's claims, when a successful defense appears on the face of the pleadings (such as redundancy), dismissal under Rule 12(b)(6) may be appropriate. See, e.g., cases cited in paragraph 2.7, *infra*.

**B.     Plaintiff's Redundant Declaratory Judgment Claim Should be Dismissed**

2.5     Plaintiff's Complaint asks for the following declaratory judgment: "Plaintiff demands declaratory judgment that Defendants' nonrenewal of Burnett's employment contract, and its custom or practice of terminating professors for speaking on matters of public concern, are unconstitutional abridgments of the freedom of speech." Dkt. 1, ¶ 126. However, the Complaint also asserts causes of action seeking damages and injunctive relief based on the allegation, *inter alia*, that "Defendant Collin Community College District [sic] engaged in a persistent, widespread custom or practice of Collin College officials, namely the Board of Trustees and President Matkin, terminating College faculty, including Burnett, because of their constitutionally protected speech

on matters of public concern. ... Consistent with this policy, Defendant Collin College unlawfully and unconstitutionally terminated Burnett in violation of her First Amendment rights." Dkt. 1, ¶¶ 108-09; see also ¶¶ 113-122.

2.6     "The Declaratory Judgment Act is designed to afford parties, threatened with liability, but otherwise without a statutory remedy, an early adjudication of an actual controversy." *Collin Cnty., Tex. v. Homeowners Ass'n for Values Essential to Neighborhoods*, 915 F.2d 167, 170 (5th Cir. 1990).  The Act, however, does not create a substantive cause of action; instead, it merely "confers a discretion on the courts rather than an absolute right upon the litigant," granting courts "substantial discretion in deciding whether to declare the rights of litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995); *Lowe v. Ingalls Shipbuilding, A Div. of Litton Sys., Inc.*, 723 F.2d 1173, 1179 (5th Cir. 1984).  See also *Harris Cnty., Tex. v. MERSCORP Inc.*, 791 F.3d 545, 553 (5th Cir. 2015) ("[T]he Declaratory Judgment Act alone does not create a federal cause of action.").

2.7     Importantly, like the situation here, "if a request for declaratory judgment adds nothing to an existing suit, it may be dismissed" and, as a result, "[c]ourts in the Fifth Circuit regularly reject declaratory judgment claims seeking the resolution of issues that will be resolved as part of the claims in the lawsuit." *Am. Equip. Co. v. Turner Bros. Crane & Rigging, LLC*, 2014 U.S. Dist. Lexis 97328, *9-11 (S.D. Tex. 2014) (collecting cases dismissing declaratory claims as "repetitive and unnecessary" and "redundant"); *Le Vel Brands, LLC v. DMS Natural Health, LLC*, 2021 U.S. Dist. Lexis 135095, *4-5 (E.D. Tex. 2021) (Jordan, J.) ("Courts may dismiss as redundant declaratory-judgment claims that seek nothing more than to litigate substantive claims already at issue in a lawsuit."); *Elepreneurs Holdings, LLC v. Benson*, 2021 U.S. Dist. Lexis 213670, *7-8 (E.D. Tex. 2021) (Mazzant, J.) ("Courts in the Fifth Circuit regularly reject declaratory judgment

claims seeking resolution of issues that will be resolved as part of the plaintiff's affirmative claims."). See also *Env't Tex. Citizen Lobby, Inc. v. ExxonMobil Corp.*, 824 F.3d 507, 523 (5th Cir. 2016) (citing *Am. Equip. Co.* with approval). As Judge Mazzant of this Court has stated, "[t]he reasoning behind the rejection of these declaratory judgments is logical: a declaratory judgment action is redundant when the affirmative claims before the Court would resolve the issues raised by the declaratory judgment." *Benson*, 2021 U.S. Dist. Lexis at *7.

2.8    Here, Burnett's first through third causes of action will either settle the issues raised in the action for declaratory judgment or render those issues irrelevant: if causes of action one through three are determined in the Defendants' favor, then Burnett's declaratory judgment claim (her fourth cause of action) fails as a matter of law.[1]  However, if, on the other hand, these causes of action are determined in Burnett's favor, then her requested declaratory judgment is simply redundant of her successful other causes of action. In either event, the declaratory judgment action serves no useful purpose. Accordingly, the Court should decline to exercise its discretion to entertain Burnett's declaratory action because it is redundant of the other three causes of action alleged in the Complaint and it serves no useful purpose. Dismissal pursuant to Rule 12(b)(6) is therefore warranted. See cases cited in paragraph 2.7, *supra*, which were all decided under Rule 12(b)(6).

---

[1] See, e.g., *Smitherman v. Bayview Loan Servicing, LLC*, 727 Fed. Appx. 787, 792 (5th Cir. 2018) ("[B]ecause Smitherman asserted no viable cause of action against Bayview, the district court properly dismissed his requests for declaratory relief."); *Reyes v. N. Tex. Tollway Auth.*, 861 F.3d 558, 565 n. 9 (5th Cir. 2017) ("The failure of the due process claim also dooms the drivers' claims for declaratory and injunctive relief. These claims are not freestanding; they must be supported by some underlying [viable] cause of action.").

## III.
## CONCLUSION

3.1      For the reason above, Plaintiff Burnett's fourth cause of action for a declaratory judgment under 28 U.S.C § 2201 should be dismissed as redundant of her other causes of action pursuant to Fed. R. Civ. P. 12(b)(6).

Respectfully submitted,

**ABERNATHY, ROEDER, BOYD &
HULLETT, P.C.**

*/s/  Richard Abernathy*
**Richard Abernathy**
State Bar No. 00809500
**Charles J. Crawford**
State Bar No. 05018900
1700 Redbud Blvd., Suite 300
McKinney, Texas 75069
Telephone: (214) 544-4000
Facsimile: (214) 544-4040
rabernathy@abernathy-law.com
ccrawford@abernathy-law.com

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that on January 10, 2022 a true and correct copy of Defendants' Motion to Dismiss was served upon all attorneys of record by the Court's ECF system.

*/s/ Charles J. Crawford*
Charles J. Crawford