IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| LORA BURNETT | § | |
| | § | |
| v. | § | Case No. 4:21-cv-857 |
| | § | |
| COLLIN COUNTY COMMUNITY | § | |
| COLLEGE DISTRICT; | § | |
| | § | |
| H. NEIL MATKIN, in his individual and | § | |
| official capacities as President of Collin | § | |
| College; | § | |
| | § | |
| ANDREW HARDIN, JAY SAAD, | § | |
| JIM ORR, DR. RAJ MENON, | § | |
| STACEY ANN ARIAS, DR. J. ROBERT | § | |
| COLLINS, DR. STACEY DONALD, | § | |
| GREG GOMEL and FRED MOSES, each | § | |
| in their individual and official capacities as | § | |
| Members of the Board of Trustees of | § | |
| Collin Community College | § | |

**DEFENDANTS HARDIN, SAAD, ORR, MENON, ARIAS, COLLINS, DONALD, GOMEL, AND MOSES' MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW **ANDREW HARDIN, JAY SAAD, JIM ORR, DR. RAJ MENON, STACEY ANN ARIAS, DR. J. ROBERT COLLINS, DR. STACEY DONALD, GREG GOMEL** and **FRED MOSES,** each in their individual and official capacities as Members of the Board of Trustees of Collin Community College, nine of the eleven Defendants, pursuant to Federal Rule of Civil Procedure 12(b)(6), and file their MOTION TO DISMISS, and would show as follows:

I.
INTRODUCTION AND OVERVIEW

Plaintiff, a former professor at Collin College seeks to ensnare these Defendants - the entire Board of Trustees of the Collin County Community College District - in this lawsuit. She cannot.

Stripped of its self-serving rhetoric, the gist of Plaintiff's lawsuit is that her faculty contract with Collin College was allegedly non-renewed in retaliation for her speech on matters of public concern. See, generally, Plaintiff's COMPLAINT FOR CIVIL RIGHTS VIOLATIONS (hereinafter "COMPLAINT") [Dkt.1]. Specifically, Plaintiff decries that her various tweets about the 2020 presidential election and COVID-10 pandemic[1] somehow resulted in the subsequent non-renewal of her one-year faculty contract, so she now seeks to "vindicate her First Amendment rights."[2]

Plaintiff avers four causes of action: (1) a *Monell* claim under 42 U.S.C. §1983 against Collin College for alleged violation of Plaintiff's First Amendment speech rights;[3] (2) a First Amendment retaliation claim under 42 U.S.C §1983 against all of the individual capacity Defendants;[4] (3) a First Amendment retaliation claim under 42 U.S.C §1983 against all of the official capacity Defendants;[5] and (4) a declaratory judgment claim under 28 U.S.C §2201 against all Defendants.[6]

The threshold and insurmountable problem faced by Plaintiff is that these Defendants were not involved in the allegations underlying her lawsuit. These Defendants serve as members of the Board of Trustees for Collin College, a function which does not involve faculty employment decisions. Not surprisingly, thus, Plaintiff makes no allegations of individualized personal conduct by any of these Defendants. Further, Plaintiff does not make any allegations that remotely address, nor certainly overcome, these Defendants' entitlement to Qualified Immunity. Finally, Plaintiff's "Official Capacity" claim and request for Declaratory relief are duplicative and not plausible.

---

[1] See, i.e., COMPLAINT [Dkt. 1], paragraphs 2-4, 23-25, 27, 40-44, and 56-58

[2] See, i.e., COMPLAINT [Dkt. 1], paragraphs 8 and 15.

[3] See, COMPLAINT [Dkt. 1], paragraphs 106-112

[4] See, COMPLAINT [Dkt. 1], paragraphs 113-116

[5] See, COMPLAINT [Dkt. 1], paragraphs 117-122

[6] See, COMPLAINT [Dkt. 1], paragraphs 123-126

## II.
## GROUNDS FOR RELIEF

Pursuant to Eastern District Local Rule CV-7(a)(1), Defendants request that the Court decide the following issues as presented in their MOTION TO DISMISS:

1. Whether the Plaintiff has plead any plausible claims against these Defendants in their "individual capacity" where there are no allegations of any direct or personal involvement by these Defendants - nor could there be - concerning Plaintiff;

2. Whether the Plaintiff has plead any plausible claim which would defeat these Defendants' protection of and entitlement to Qualified Immunity;

3. Whether the Plaintiff has plead any plausible claims against these Defendants in their "official capacity" because the Collin County Community College District is also a defendant herein; and

4. Whether the Plaintiff's "declaratory judgment" claim is redundant of her other asserted causes of action.

## III.
## STANDARD OF REVIEW

Under FED. R. CIV. P. 12(b)(6), the Court may dismiss a cause of action for failure to state a claim upon which relief can be granted if the complaint does not provide fair notice of the claim and does not state factual allegations showing that the right to relief is plausible. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 & n.3 (2007). A complaint that provides only labels and conclusions or a formulaic recitation of the elements is insufficient to show grounds for the plaintiff to be entitled to relief. *Id*. Under Rule 12(b)(6), "[d]ismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief..." *Torch Liquidating Trust v. Stockstill*, 561 F.3d 377, 384 (5th Cir. 2009)(citations omitted).

Even under the liberal notice pleading standard of Fed.R.Civ.P. 8, "the complaint must contain either direct allegations on every material point necessary to sustain a recovery . . . or contain

allegations from which an inference fairly may be drawn" under a relevant legal theory. *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995)(*quoting* 3 Wright & Miller, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2d §1216 at 156-159). As a result, dismissal is proper if the complaint "lacks an allegation regarding a required element necessary to obtain relief." *Id*. (*quoting* 2A MOORE'S FEDERAL PRACTICE ¶12.07 [2.-5] at 12-91). Further, when reviewing a complaint to determine whether it contains all of the essential elements of a plaintiff's theory of recovery, "[t]he court is not required to 'conjure up unplead allegations or construe elaborately arcane scripts' to save [the] complaint." *Id*. (*quoting Gooley v. Mobile Oil Corp.*, 851 F.2d 513, 514 (1st Cir. 1988)); *see also Kjellvander v. Citicorp.*, 156 F.R.D. 138, 141 (S.D. Tex. 1994).

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). This pleading standard under Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. A complaint also does not suffice if it "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"*Id*. In other words, as stated above, to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949.

After *Twombly* and *Iqbal*, "it is now abundantly clear that identifying only what law forms the basis of the complaint, without pleading facts indicating *how* a defendant violated that law, proves only a theoretical possibility that a cause of action *could* be stated against the defendant, not that plaintiff *did* state a cause of action." *Escuadra v. Geovera Specialty Ins. Co.*, 739 F.Supp.2d 967, 979 (E.D. Tex. 2010). Although Plaintiff does not have to submit evidence to establish a prima

allegations from which an inference fairly may be drawn" under a relevant legal theory. *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995)(*quoting* 3 Wright & Miller, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2d §1216 at 156-159). As a result, dismissal is proper if the complaint "lacks an allegation regarding a required element necessary to obtain relief." *Id*. (*quoting* 2A MOORE'S FEDERAL PRACTICE ¶12.07 [2.-5] at 12-91). Further, when reviewing a complaint to determine whether it contains all of the essential elements of a plaintiff's theory of recovery, "[t]he court is not required to 'conjure up unplead allegations or construe elaborately arcane scripts' to save [the] complaint." *Id*. (*quoting Gooley v. Mobile Oil Corp.*, 851 F.2d 513, 514 (1st Cir. 1988)); *see also Kjellvander v. Citicorp.*, 156 F.R.D. 138, 141 (S.D. Tex. 1994).

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). This pleading standard under Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. A complaint also does not suffice if it "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"*Id*. In other words, as stated above, to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949.

After *Twombly* and *Iqbal*, "it is now abundantly clear that identifying only what law forms the basis of the complaint, without pleading facts indicating *how* a defendant violated that law, proves only a theoretical possibility that a cause of action *could* be stated against the defendant, not that plaintiff *did* state a cause of action." *Escuadra v. Geovera Specialty Ins. Co.*, 739 F.Supp.2d 967, 979 (E.D. Tex. 2010). Although Plaintiff does not have to submit evidence to establish a prima

facie case of claims at this stage, he still must plead sufficient facts on all of the ultimate elements of each of the claims to make each claim plausible. *Meadows v. City of Crowley*, 731 Fed. Appx. 317, 318 (5th Cir. 2018)(citing *Chhim v. Univ. of Tex. at Austin,* 836 F.3d 467, 470 (5th Cir. 2016)).

## IV.
## COMPLAINT FAILS TO STATE ANY PLAUSIBLE CLAIMS AGAINST DEFENDANTS

Even viewing the Plaintiff's conclusory allegations [if really even any at all against these Defendants] in the light most favorable to her[7], the Plaintiff has failed to allege any plausible claims against these Defendants - in any capacity or under any theory. Simply put, when viewed under the foregoing Rule 12(b)(6) standard, the Plaintiff's COMPLAINT is woefully deficient and cannot survive dismissal of these Board of Trustee Defendants.

### 1. Plaintiff cannot prevail against these Defendants because Plaintiff fails to allege any personal involvement in any claims asserted herein - nor could she

Here, put bluntly, the Plaintiff misdirects her ire at the individual Board of Trustee Members when none of them were involved whatsoever in any of the events underlying Plaintiff's allegations. Ironically, the Plaintiff references the applicable policy of Collin College which delegates all employment decisions to the President,[8] underscoring the absence of any plausible claims against these Board of Trustee Defendants.

---

[7]By filing this MOTION TO DISMISS, Defendants are not stipulating that the allegations of Plaintiff are true nor in any way acquiescing in the allegations contained in the Plaintiff's COMPLAINT. Rather, under the standards set forth above, Defendants contend that even if the Plaintiff's allegations [if any] were factual, which they vehemently deny, Defendants would still be entitled to dismissal as a matter of law.

[8]Defendants, by pointing out this allegation by Plaintiff and the existence of Collin College policies, are not suggesting that there is any merit to the Plaintiff's claims against Collin College and/or its President Dr. Matkin. Rather, Plaintiff's pleading reveals that she likely already knows that these Defendants were not involved in the events underlying the non-renewal of her faculty contract, but has still included them in this lawsuit when there is no legal or factual basis to do so. See, Exhibit No. 1 attached hereto, which is the Collin College policy delegating faculty employment decision to the President.

### A.    Clearly established law requiring personal involvement

Personal involvement is an essential element of a Section 1983 civil rights cause of action. *Thompson v. Steele,* 709 F.2d 381, 382 (5th Cir. 1983); *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983). An individual defendant "must have been personally involved in the alleged constitutional deprivation or have engaged in wrongful conduct that is causally connected to the constitutional violation." *Turner v. Lieutenant Driver*, 848 F.3d 678, 695-96 (5th Cir. 2017)(citing *Mesa v. Prejean*, 543 F.3d 264, 274 (5th Cir. 2008)). Stated differently, "a plaintiff bringing a section 1983 action must specify the personal involvement of each defendant." *Murphy v. Kellar*, 950 F.2d 290, 292 (5th Cir. 1992).

This Court and its Magistrate Judges have consistently found that a §1983 claim requires allegations of personal involvement - by each identified Defendant(s) - in acts causing the alleged deprivation of a Plaintiff's constitutional rights, dismissing cases when such allegations are absent. See, i.e., *Pompura v. Willis*, 4:16-cv-766 (E.D. Tex 2017)(Priest-Johnson, J.)("a §1983 claim requires personal involvement in acts causing the deprivation of a Plaintiff's constitutional rights.")(citing *Lozano*); *Bowling v. Willis*, No. 4:18-CV-610, 2019 WL 2517090, 2019 U.S. Dist. LEXIS 106180, at *25-26("As Plaintiff does not allege any personal involvement by DA Willis her complaint should be dismissed under Rule 12(b)(6).")(E.D. Tex. Apr. 2, 2019)(Nowak, J.), report and recommendation adopted sub nom. *Bowling v. Dahlheimer*, No. 4:18-CV-610, 2019 U.S. Dist. LEXIS 132262, 2019 WL 3712025 (E.D. Tex. Aug. 7, 2019). Magistrate Judge Nowak recently summarized this fundamental requirement of specific allegations of personal involvement as follows:

> Moreover, "[a] complaint does not satisfy the requirements of *Iqbal* and *Twombly* by lumping together all defendants, while providing no factual basis to distinguish their conduct." *Bowling v. Willis*, No. 4:18-CV-610-ALMCAN, 2019 U.S. Dist. LEXIS 106180, 2019 WL 2517090, at *9 (E.D. Tex. Apr. 2, 2019)(citation omitted), report and recommendation adopted sub nom. *Bowling v. Dahlheimer*, No. 4:18-CV-610, 2019 U.S. Dist. LEXIS 132262, 2019 WL 3712025 (E.D. Tex. Aug. 7, 2019). A

> Plaintiff's Complaint is deficient where it largely lumps together all defendants and fails to distinguish their conduct. See *Springs v. Sec'y Diaz*, No. 21CV862-MMA (AGS), 2021 U.S. Dist. LEXIS 101673, 2021 WL 2184851, at *6 (S.D. Cal. May 28, 2021)(dismissing the pro se plaintiff's § 1983 claims because the complaint "fails to contain individualized allegations against these Defendants regarding their involvement"); cf. *Dodson v. Cnty. Comm'rs of Mayes Cnty.*, No. 18-CV-221-TCK-FHM, 2019 U.S. Dist. LEXIS 77706, 2019 WL 2030122, at *5 (N.D. Okla. May 8, 2019)(dismissing the complaint "for failure to adequately allege a claim for supervisory liability" because the complaint lumped the defendants "together without identifying the specific actions each defendant took or failed to take during the incident giving rise to the action"). As the Tenth Circuit explained, "it is particularly important in a §1983 case brought against a number of government actors sued in their individual capacity that the complaint make clear exactly who is alleged to have done what to whom as distinguished from collective allegations." *Brown v. Montoya*, 662 F.3d 1152, 1165 (10th Cir. 2011)(cleaned up). For this additional reason, Plaintiff has failed to properly allege a §1983 claim against Defendants.

*Dillenberg v. Watts*, 4:20-CV-458, 2021 U.S. Dist. LEXIS 128848, at * fn 23 (E.D. Tex. June 18, 2021), Adopted by, Dismissed by, in part, Dismissed by, Without prejudice, in part *Dillenberg v. Watts*, 2021 U.S. Dist. LEXIS 127872 (E.D. Tex., July 9, 2021).

### B. Plaintiff's COMPLAINT fails to make allegations of personal involvement

Plaintiff's COMPLAINT exemplifies a lawsuit which fails to contain individualized allegations concerning Defendants' involvement in purported violations of Plaintiff's First Amendment rights. Plaintiff, when listing these Defendants, describes they are "members of the Board of Trustees for Collin College."[9] She sweepingly avers that "The Board of Trustees purport to be able to fire any employee for any reason, or not reason at all", pointing to a portion of the "Collin College Board Policy Manuel [sic] DMAB (Legal)".[10] Curiously, although the Plaintiff earlier cites to the correct provision of the Collin College Policy Manual which delegates all employment decisions to the

---

[9] See, COMPLAINT [Dkt. 1], paragraph 18

[10] See, i.e., COMPLAINT [Dkt. 1], paragraph 19

President of Collin County,[11] Plaintiff insinuates that these Defendants were somehow involved in decision(s) surrounding the non-renewal of her contract - but she never pleads how,[12] but she cannot.

Besides their mere role as Board Members, the Plaintiff does allege that these Defendants had any personal involvement at all with her or her allegations for any reason, let alone any decisions about her employment and/or non-renewal of her contract.[13] In fact, besides identifying them as Defendants, they [except for Defendant Robert Collins][14] are never mentioned again by name in the entire COMPLAINT.[15] The Plaintiff's ploy of obfuscating who did what to whom and when is also illustrated by her global and non-specific references to, for example, the "Defendants Collin College, President Matkin, and the Board of Trustees . . ."[16] and ". . . Defendants Collin College and the members of the Board of Trustees . . ."[17] Continuing in this vein, she contends that the collective "Defendants" have caused purported deprivation of her rights.[18] The dearth of allegations of any personal involvement by these Defendants is underscored by her putative "Individual Capacity" claims wherein she tersely avers, in pertinent part, that "Defendant members of the Board of Trustees ratified that decision [President Matkin's non-renewal decision] and its unconstitutional basis."[19] Not only is this rebuked by the very policy cited by Plaintiff, it does not suggest individual actions.

---

[11] See, COMPLAINT [Dkt. 1], paragraph 17

[12] See, COMPLAINT [Dkt. 1], paragraph 72

[13] See, COMPLAINT [Dkt. 1].

[14] See, COMPLAINT [Dkt. 1], paragraph 73 wherein Plaintiff mentions "then-Collin College Board of Trustees Chair Robert Collins"regarding comments she attributes to him made at a 2015 "candidates' forum"

[15] See, COMPLAINT [Dkt. 1].

[16] See, COMPLAINT [Dkt. 1], paragraph 72

[17] See, COMPLAINT [Dkt. 1], paragraph 89

[18] See, i.e., COMPLAINT [Dkt. 1], paragraphs 100-102

[19] See, COMPLAINT [Dkt. 1], paragraph 22

Culled from the entirety of the Plaintiff's COMPLAINT are a handful of global references to the generic "Board of Trustees", untethered to any specific allegations of individualized action(s) by any of these particular Defendants. This is, as a matter of law, insufficient to aver plausible Individual Capacity claims against these Defendants.

### C.   Employment Decisions delegated to President of Collin College

The failure of Plaintiff to make clear exactly which Board of Trustee member/Defendant is alleged to have to done what to/about her is not surprising since no facts could be credibly alleged. Like an ostrich that buries its head in the sand to avoid obvious dangers, the Plaintiff acknowledges that final decision making authority about employment of faculty has been delegated to the President [and she cites the Collin County Board Policy Manual provision regarding same],[20] but then pretends as if such delegation and policy do not exist. A complete copy of Collin College Board Policy DD (Local) is available online[21] and also attached hereto[22] as Exhibit No. 1 for the Court's convenience. In no uncertain terms, "The Board delegates to the District President authority to employ administrative personnel, faculty, and other full-time personnel for Board-approved budgeted positions."[23] Plaintiff's own judicial admissions and the attached policy further establish the absence of any personal involvement by these Defendants in employment decisions involving the Plaintiff.

---

[20] See, COMPLAINT [Dkt. 1], paragraph 17 ("Dr. H. Neil Matkin . . . has been "has been delegated the final decision making authority to employ administrative personnel, faculty, and other full-time personnel for Board-approved budgeted positions" citing "Collin County Board Policy Manual, DD(Local)-X");

[21] https://pol.tasb.org/Policy/Code/304?filter=DD

[22] The Fifth Circuit has "note[d] approvingly" that "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [his] claim.'" *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). According to the Fifth Circuit, "[i]n so attaching, the defendant merely assists the plaintiff in establishing the basis of the suit, and the court in making the elementary determination of whether a claim has been stated." *Id*. at 499.

[23] See, COMPLAINT [Dkt. 1], paragraph 17 and also Exhibit 1 attached hereto.

### 2. Plaintiff has failed to allege any claims which would overcome these Defendants entitlement to Qualified Immunity

The Plaintiff has further failed to plead any conduct on the part of these Defendants remotely defeating their entitlement to Qualified Immunity.

#### A. Doctrine of Qualified Immunity and two-prong analysis of same

Qualified immunity protects officials from suit and liability unless their conduct violates a clearly established constitutional right. *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982). Qualified immunity "'gives government officials breathing room to make reasonable but mistaken judgments,' and 'protects all but the plainly incompetent or those who knowingly violate the law.'" *Messerschmidt v. Millender*, 565 U.S. 535, 547, 132 S. Ct. 1235, 182 L.Ed.2d 47(2012)(quoting *Ashcroft v. Al-Kidd*, 563 U.S. 731, 743, 131 S. Ct. 2074, 179 L.Ed.2d 1149). When a defendant asserts qualified immunity, the burden then shifts to the Plaintiff to rebut this defense. *Saldana v. Garza*, 684 F.2d 1159, 1163 (5th Cir. 1982); *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002)(en banc)(per curiam). "[A] plaintiff seeking to overcome qualified immunity must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity." *Backe v. LeBlanc*, 691 F.3d 645, 648-49 (5th Cir. 2012).

In *Pearson v. Callahan*, the Supreme Court refined the two-prong immunity analysis holding that a Court, in its discretion, could resolve either prong first in light of the circumstances of a particular case. See, *Pearson v. Callahan*, 555 U.S. 223, 236-37 (2009). This Court can determine the sequence it deems appropriate to evaluate Plaintiff's claims - - i.e, (1) whether a statutory or constitutional right was violated on the facts alleged, or (2) whether the defendant's actions violated clearly established statutory or constitutional rights which a reasonable person would have known.

*Griggs v. Brewer*, 841 F.3d 308, 312 (5th Cir. 2004). Regarding this second prong, "If the defendants actions violated a clearly established constitutional right, the court then asks whether qualified immunity is still appropriate because the defendant's actions were 'objectively reasonable' in light of 'law which was clearly established at the time of the disputed action.'". *Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010). The second prong analysis is better understood as involving two separate inquiries: first, whether the allegedly violated Constitutional rights were clearly established at the time of the incident; and second, if so, whether the conduct of Defendant was objectively unreasonable in the light of the clearly established law existing at that time. *Hare v. City of Corinth,* 135 F.3d 320, 326 (5th Cir. 1998)(en banc).

### B. No Violation of Clearly Established Law

The Fifth Circuit frequently describes the correct method for analyzing the second prong of qualified immunity. It has stated that a court does not deny the protection of qualified immunity unless existing precedent places the constitutional question beyond debate. *Vincent v. City of Sulphur*, 805 F.3d 543, 547 (5th Cir. 2015), citing *Morgan v. Swanson*, 659 F.3d 359, 371 (5th Cir. 2011)(en banc).

In *Vincent*, the Court went on to state:

> Although a case *directly* on point is not necessary, there must be adequate authority at a sufficiently high level of specificity to put a reasonable official on notice that his conduct is definitively unlawful. [omitting cite] Abstract or general statements of legal principle untethered to analogous or near-analogous facts are not sufficient to establish a right 'clearly' in a given context, rather, the inquiry must focus on whether a right is clearly established as to the specific facts of the case. See *Brosseau v. Haugen*, 543 U.S. 194, 198, 125 S.Ct. 596, 160 L.Ed.2d 583 (2004). Therefore, we must decide whether the cases cited by the District Court placed beyond reasonable debate the proposition that…

*Vincent*, 805 F.3d at 547.

After stating the standards applicable to its analysis, the Fifth Circuit described the specific factual proposition that was involved in the *Vincent* case. The Court stated that it must "ask whether the law so clearly and unambiguously prohibited [the official's] conduct that every reasonable official would understand that what he is doing violates [the law]." *Vincent* at 547, citing *Morgan,* 659 F.3d at 371 and *Ashcroft v. al-Kidd*, at  563 U.S. at 732.

The Fifth Circuit's *Vincent* and *Morgan* cases pre-date the Supreme Court's case *White v. Pauly*, ___ U.S. ___, 137 S.Ct. 548 (2017).  In *White*, the Supreme Court reversed the Tenth Circuit because the lower court had not analyzed clearly established law in the context of the particularized facts of that case when the lower court denied an officer's immunity defense. See*, White*, 137 S.Ct. at 551-552.  *White* makes it clear that the approach the Fifth Circuit stated in *Vincent* and again in *Morgan* is indeed correct and should continue to guide District Courts in their Qualified Immunity evaluations. Importantly, in *White*, the Supreme Court reiterated that the clearly established laws should not be defined at a high level of generality, but instead must be particularized to the facts of the case.  Otherwise Plaintiffs "would be able to convert the rule of qualified immunity . . . into a rule of virtual unqualified liability by simply alleging violation of extremely abstract rights." *White* at 552.  The Fifth Circuit has demonstrated its clear commitment to the crucial requirement of "clearly established."  See, *Morrow v. Meachum*, 917 F.3d 870,875-876 (5th Cir. 2019).

Plaintiff's burden - and resulting failure - to sufficiently plead a violation of clearly established law compels dismissal.  Plaintiff does not and cannot allege any facts that any individual Board Members/Trustees did anything at all related to the non-renewal of her contract. Fundamentally, Plaintiff fails to explain the particularized governing standard allegedly violated by these Defendants. This, in and of itself, is sufficient for dismissal of these Defendants based on Qualified Immunity.

### C. Plaintiff fails to allege any facially plausible claims against Defendants

Plaintiff's claims fail on the first prong of the Qualified Immunity analysis, requiring an allegation of facts showing a clear constitutional violation, i.e., her COMPLAINT contains no facially plausible claims of constitutional violations regarding these individual Defendants. In fact, Plaintiff's lawsuit, as fully detailed above, makes no specific factual allegations at all against these Defendants  There are, quite simply, <u>no allegations</u> of any constitutional deprivations by Trustees Hardin, Saad, Orr, Menon, Arias, Collins, Donald, Gomel or Moses.

"It is axiomatic that a plaintiff who files suit under 42 U.S.C. §1983 may recover only if he proves a constitutional violation." *Lewis v. Woods*, 848 F.2d 649, 652 (5th Cir.1988). Stated another way, a governmental official's "conduct cannot constitute a violation of clearly established law if, on the plaintiff's version of the facts, there is no violation at all." *Johnson v. Johnson*, 385 F.3d 503, 525 (5th Cir. 2004). Plaintiff  cannot establish that any constitutional deprivation has occurred, let alone one caused by these individual Defendants. Plaintiff's threadbare, if not really non-existent, conclusions concerning these individual Trustees of the Collin County Community College are insufficient to meet the *Iqbal* plausibility standard. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

### 3. Plaintiff has failed to plead any plausible claims against these Defendants in their "Official Capacity" because the Collin County Community College District is a party herein

Collin County Community College District ("Collin College") is named as one of the Defendants in this suit and it has already appeared herein. Thus, the Plaintiff's attempted cause of action for "First Amendment Retaliation under 42 U.S.C §1983 (Against All Official-Capacity Defendants)[24] is duplicative and should be dismissed.

---

[24] See, COMPLAINT [Dkt. 1], paragraphs 117-122

INDIVIDUAL DEFENDANTS' MOTION TO DISMISS                                                                                          Page 13
T:\233\3\3065\71677\Pleadings\Individual Defendants\Individual Defendants MotionToDismiss.wpd

"Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165-66, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985)(quoting *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 690 n.55, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978)).  "As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id*. at 166 (quoting *Brandon v. Holt*, 469 U.S. 464, 471-72, 105 S. Ct. 873, 83 L. Ed. 2d 878 (1985)).  An official-capacity suit "is not a suit against the official personally, for the real party in interest is the entity." *Id.*

Collin College is indisputably a "local governmental unit" defendant for purposes of the first cause of action, the *Monell* claim.  *Goss v. San Jacinto Junior College*, 588 F.2d 96, 98 (5th Cir.), modified on other grounds, 595 F.2d 1119 (5th Cir. 1979)(*Monell* applicable to Texas junior college); *Mosely v. Houston Community College System,* 951 F.Supp. 1279, 1290 (S.D. Tex. 1996)(identifying a community college as a "local unit of government"); see also, *Santoro v. County of Collin, et. al,* Civil Action 4:18-cv-660, REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE [Dkt. 98], p. 19-21, involving allegations against Collin College and applying *Monell* analysis.

This Court has recently dismissed "Official Capacity" claims brought against individuals where the entity is also a Defendant. See, i.e., *Polnac v. City of Sulphur Springs*, Civil Action 4:20-CV-00666, 2021 WL 3663539, 2021 U.S. Dist. LEXIS 155307 at 50-51 (E.D. Tex. Aug. 18, 2021)("The Court need not parse through Plaintiff's Complaint to determine whether official capacity claims were brought against the Officers because, ultimately, any official capacity claims are duplicative to those alleged against the City of Sulphur Springs.").

Even a cursory review of Plaintiff's COMPLAINT readily reveals that her cause of action for any "Official Capacity" claims against these Defendants are duplicative and should be dismissed.

  **4.  Plaintiff's "Declaratory Judgment" claim is redundant of her other asserted causes of action.**

  The Plaintiff's effort to conjure up an independent cause of action for declaratory relief fails. As exhaustively detailed in DEFENDANT COLLIN COUNTY COMMUNITY COLLEGE'S AND NEIL MATKIN'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(6) [Dkt. 6], the Plaintiff's cause of action for a declaratory judgment claim under 28 U.S.C §2201 is redundant of her other asserted claims. To foster judicial economy and avoid repetition of legal arguments, these Defendants join in and fully incorporate by reference DEFENDANT COLLIN COUNTY COMMUNITY COLLEGE'S AND NEIL MATKIN'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(6).

**V.
PRAYER**

  **WHEREFORE, PREMISES CONSIDERED**, Defendants **ANDREW HARDIN, JAY SAAD, JIM ORR, DR. RAJ MENON, STACEY ANN ARIAS, DR. J. ROBERT COLLINS, DR. STACEY DONALD, GREG GOMEL** and **FRED MOSES,** each in their individual and official capacities as Members of the Board of Trustees of Collin Community College pray that the Court grant their MOTION TO DISMISS; that it dismiss Plaintiff's claims and pleas for damages, and they have such other relief, at law or in equity, to which they may show themselves entitled.

          Respectfully submitted,

By: /s/ *Robert J. Davis*
   **ROBERT J. DAVIS**
   State Bar No. 05543500
   **MATTHEWS, SHIELS, KNOTT,**
   **EDEN, DAVIS & BEANLAND, L.L.P.**
   8131 LBJ Freeway, Suite 700
   Dallas, Texas 75251
   972/234-3400 (office)
   972/234-1750 (telecopier)

   **ATTORNEY FOR DEFENDANTS ANDREW HARDIN, JAY SAAD, JIM ORR, DR. RAJ MENON, STACEY ANN ARIAS, DR. J. ROBERT COLLINS, DR. STACEY DONALD, GREG GOMEL** and **FRED MOSES,** each in their individual and official capacities as Members of the Board of Trustees of Collin Community College

## CERTIFICATE OF SERVICE

I hereby certify that on January 11th, 2022, I electronically filed the foregoing document with the clerk of the Court for the Eastern District, using the electronic case filing system of the Court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means: Greg Gruebel, Joshua Bleisch, Joshua Morris, Richard Abernathy, Charles, Crawford.

       /s/ *Robert J. Davis*
       **ROBERT J. DAVIS**