IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| LORA BURNETT | § | |
| | § | |
| v. | § | Case No. 4:21-cv-857 |
| | § | |
| COLLIN COUNTY COMMUNITY | § | |
| COLLEGE DISTRICT; et. al. | § | |

**DEFENDANTS HARDIN, SAAD, ORR, MENON, ARIAS, COLLINS, DONALD, GOMEL, AND MOSES' MOTION TO STAY DISCOVERY AND MOTION FOR ABATEMENT OF ANY ORDER FOR RULE 26 CONFERENCE PENDING DETERMINATION OF MOTION TO DISMISS AND ASSERTIONS OF IMMUNITY**

TO THE HONORABLE JUDGE OF THE COURT:

NOW COME **ANDREW HARDIN, JAY SAAD, JIM ORR, DR. RAJ MENON, STACEY ANN ARIAS, DR. J. ROBERT COLLINS, DR. STACEY DONALD, GREG GOMEL** and **FRED MOSES**, nine of the eleven Defendants, and file their MOTION TO STAY DISCOVERY AND MOTION FOR ABATEMENT OF ANY ORDER FOR RULE 26 CONFERENCE PENDING DETERMINATION OF MOTION TO DISMISS AND ASSERTIONS OF IMMUNITY, as follows:

**I.**
**SUMMARY OF MOTION AND PERTINENT FACTUAL BACKGROUND**

The Plaintiff has included every member of the Collin College Board of Trustees in this case, along with two other Defendants, although is unclear why Plaintiff is suing these individuals in both their individual <u>and</u> official capacities. Details of Plaintiff's allegations, the absence of any personal involvement or plausible claims, and these Defendants' entitlement to Qualified Immunity are set forth more fully in DEFENDANTS HARDIN, SAAD, ORR, MENON, ARIAS, COLLINS, DONALD, GOMEL, AND MOSES' MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6) [Dkt. 7]. These Defendants have specifically asserted their lack of personal involvement and entitlement to Qualified

Immunity. Likewise, the Co-Defendants have filed DEFENDANT COLLIN COUNTY COMMUNITY COLLEGE'S AND NEIL MATKIN'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(6) [Dkt. 6].

These Defendants contend that they are entitled to an immediate stay of discovery against them and an abatement of any orders[1] for a Rule 26 conference, discovery, or scheduling pending final resolution of their entitlement to immunity and dismissal. The Plaintiff has not alleged, nor will she likely be able to allege, any viable claims against these Defendants. Simply put, Defendants Hardin, Saad, Orr, Menon, Arias, Collins, Donald, Gomel, and Moses request all discovery, Rule 26 Conferences, Joint Reports, and Management Conference be stayed until the Court has had the opportunity to determine whether facts alleged by Plaintiff, taken as true, constitute plausible claims.

## II.
## NARROW ISSUE TO BE DECIDED

The narrow issue presented is whether all discovery and Rule 26 conference and scheduling requirements should all be completely stayed pending the full resolution of the Defendants Hardin, Saad, Orr, Menon, Arias, Collins, Donald, Gomel, and Moses entitlement to dismissal, specifically including their assertion of Qualified Immunity.

## III.
## STRONG PUBLIC POLICY OF PROTECTING PUBLIC OFFICIALS FROM DISCOVERY

The Supreme Court's clearly articulated policy of protecting public officials and employees from discovery until threshold immunity issues have been resolved developed primarily in the arena of qualified immunity. The qualified immunity cases discussed supra are illustrative of the curtailment on discovery pending resolution of immunity.

---

[1] At this point, no orders have been issued by the Court concerning scheduling or discovery

In *Harlow v. Fitzgerald*, 457 U.S. 800, 814 (1982), the Supreme Court articulated the rationale for the policy of protecting public servants not only from ultimate liability, but also from the inherent inconvenience and distraction of litigation itself, unless "clearly established" law has been shown to have been violated and the inapplicability of qualified immunity determined by the Court, by stating:

> [I]t cannot be disputed seriously that claims frequently run against the innocent as well as the guilty -- at a cost not only to the defendant officials, but to the society as a whole.  These social costs include the expenses of litigation, the diversion of official energy from pressing public issues, and the deterrence of able citizens from acceptance of public office.    *Harlow*, 457 U.S. at 814.

Therefore, one of the purposes of qualified immunity is to spare Defendants not only from unwarranted liability, but also from unwarranted demands customarily imposed upon those defending a long drawn out lawsuit. Here, Defendants Hardin, Saad, Orr, Menon, Arias, Collins, Donald, Gomel, and Moses has all asserted their entitlement to qualified immunity, and thus, the policy considerations concerning curtailment of discovery until pleading plausibility issues have been determined apply with full force.

## IV.
## DISCOVERY AND SCHEDULING SHOULD BE STAYED PENDING DETERMINATION OF WHETHER PLAINTIFF HAS ALLEGED VIABLE CLAIMS

In addition to Collin College and its District President, Plaintiff has also sued every member of the Board of Trustees, and seeks to impose personal liability on them for acts [albeit, yet to be identified let alone pled] presumably taken in the course of their official duties as Collin College Board of Trustee members.  Such litigation implicates the protection of immunity and precludes discovery.  Qualified immunity is an immunity from suit, and it extends beyond just a defense to liability to include all aspects of civil litigation, including the burdens of broad-reaching discovery. *Jacquez v. Procunier*, 801 F.2d 789, 791 (5th Cir. 1986).

This purpose was clearly enunciated in *Mitchell v. Forsyth*, where the Supreme Court stated:

> *Harlow* thus recognized an entitlement not to stand trial or face the other burdens of litigation, conditioned on the resolution of the essentially legal question whether the conduct of which the Plaintiff complains violated clearly established law.  The entitlement is an <u>immunity from suit</u> rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if the case is erroneously permitted to trial.

472 U.S. 511, 526 (1985)(emphasis in original).  Further, the Supreme Court read *Harlow* to hold that "even such pretrial matters as discovery are to be avoided if possible, as 'inquiries of this kind can be peculiarly disruptive of effective government.'"  *Id*.  Indeed, "a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery." *Id*.

As detailed in Defendants' MOTION TO DISMISS, the Plaintiff has failed to allege facts which, if true, aver any plausible claims, or equally importantly, which would overcome the asserted defense of Qualified Immunity. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009); *Schultea v. Wood*, 47 F.3d 1427, 1430 (5th Cir. 1995)(quoting *Elliott v. Perez*, 751 F.2d 1472 (5th Cir. 1985))(complaint asserting claims against a government official who has asserted a defense of qualified immunity must "be pled with 'factual detail and particularity.'").

In similar circumstances, the Fifth Circuit has held that a stay of discovery is mandatory until a district court has ruled upon any motion brought by the defendants challenging the veracity of the Plaintiff's pleadings. *Wicks v. Mississippi State Employment Servs.*, 41 F.3d 991, 995 (5th Cir. 1995). In *Wicks*, the Fifth Circuit held that when a complaint has failed to allege facts overcoming a qualified immunity defense, "the district court should rule on the motion to dismiss before any discovery is allowed." *Id*. The failure to do so "is immediately appealable as a denial of the true measure of protection of qualified immunity." *Id*. It is only once "the complaint alleges facts to overcome the defense of qualified immunity, the district court may then proceed [] to allow the discovery necessary to clarify those facts upon which the immunity defense turns." *Id*.

Texas District Courts have consistently agreed. *See, e.g.*, *Foreman v. Texas A&M Univ. Sys. Health Sci. Ctr.*, 2008 WL 494267, at *4 (N.D. Tex. Nov. 12, 2008); *Johnson v. Johnson*, 2006 WL 846372 (S.D. Tex. March 28, 2006)(Motion to Stay discovery granted pending resolution of qualified immunity); *Bryant v. Orndorff*, 2005 WL 139115 (N.D. Tex. January 21, 2005 )(Motion to Stay discovery granted pending resolution of qualified immunity); *Bolen v. Dengel*, 2004 WL 2095440 (E.D. La September 17, 2004)(Motion to Stay Discovery granted and "all discovery stayed until the District Court rules on their motion to dismiss."); *LeClerc v. Webb*, 2003 WL 21027609 (E.D. La May 2, 2003)(Court "GRANTS the Motion to Stay Discovery pending the determination of immunity issues by the district judge."); *Jones v. City of Grand Prairie, Texas*, 1998 WL 119532, **1-2 (N.D. Tex. March 6, 1998).

Most compelling, this Court, and its Magistrate Judges, have consistently and recently stayed discovery and abated Rule 26 conferences under the a similar procedural posture as this case, i.e., a pending dispositive motion based on immunities and a corresponding Motion to Stay Discovery. The instant MOTION TO STAY is nearly verbatim to those which are frequently granted by this Court and presents the same compelling argument for stay of discovery and abatement of Rule 26 matters.

The following are just some recent examples of the cases in which the undersigned is involved and discovery and Rule 26 obligations have been stayed for similar reasons:

* *Buholtz, et. al. v. Carroll, et. al.*, Cause No. 4:16-cv-747 (Doc. 41)(ORDER granting Motion to Stay Discovery "until resolution of Defendant's Motion to Dismiss and resolution of Defendants' qualified immunity defense");

* *Bowling v. Dahlheimer, et. al.*, Cause No. 4;18-cv-610 (Doc. 84)(ORDER staying all discovery pending resolution of Defendants' assertion qualified immunity);

* *Burton v. Collin County District Attorney*, Cause No. 4:18-cv-292 (Doc. 19)(ORDER staying all discovery and abating Rule 26 conferences);

* *Gallagher v. Paxton, et. al*, Cause No. 4:18-cv-575 (Doc. 68)(ORDER staying all discovery pending resolution of Defendants' assertion qualified immunity);

* *Griggs v. Lt. Smart, et. al.,* Cause No. 4:19-cv-175 (Doc. 28)(ORDER staying all discovery pending resolution of Defendants' assertion qualified immunity);

* *Mumpuku v. City of Plano, et. al*, Cause No. 4:18-cv-785 (Doc. 28)(ORDER staying all discovery pending resolution of dispositive motions);

* *Santoro v. County of Collin, et. al*, Cause No. 4:18-cv-660 (Doc 53)(ORDER staying all discovery pending resolution of Defendants' assertion qualified immunity and withdrawing prior ORDER GOVERNING PROCEEDINGS);

* *Spence v. Taylor*, Cause No. 4:19-cv-139 (Doc. 17)(ORDER granting Motion To Stay Discovery and Confirming abatement of an Order for Rule 26 Conference pending determination of Motion for Judgment on Pleadings and Immunity);

* *Vann v. Paxton, et. al.*, Cause No. 4:18-cv-570 (Doc. 28)(ORDER staying all discovery pending resolution of Defendants' assertion qualified immunity);

* *Williams v. City of Denton, et. al.*, Cause No. 4:17-cv-811 (Doc. 26)(ORDER staying all discovery and withdrawing prior ORDER GOVERNING PROCEEDINGS) and (Doc. 39) (ORDER clarifying that stay of discovery halted all discovery - even discovery as to those defendants not asserting immunity defenses - -until the threshold immunity question is resolved [citing cases])[2];

* *Wooten v. Abbott*, Cause No. 4:18-cv-380 (Doc. 34)(ORDER staying all discovery pending resolution of Defendants' Motions to Dismiss and assertions of immunity);

* *Koonce v. City of Tom Bean, et. al*, Cause No. 4-19-cv-00428 (Doc. 18)(ORDER staying discovery pending resolution of Defendants' motions based on qualified immunity and previously entered Order Governing Proceedings abated);

* *Doggins v. Green*, Cause No. 4:18-cv-383 (Doc. 31)(ORDER staying discovery pending resolution of Defendant's motion to dismiss based on qualified immunity);

* *Van Dyke v. Shackleford*, Cause No. 4:19-cv-786 (Doc. 9)(ORDER staying discovery pending resolution of Defendant's motion to dismiss based on qualified immunity);

* *Chuttoo v. Horton,* Cause No. 4:20-cv-211 (Doc. 26)(ORDER staying discovery pending resolution of Defendant's motion for judgment on pleadings based on qualified immunity);

* *Venzor v. Collin County, Texas, et. al.*, Cause No. 4:20-cv-318 (Doc. 12)(ORDER staying discovery pending resolution of Defendant's motion to dismiss based on qualified immunity);

---

[2] Since such Orders there have been subsequent ones, after the determination of Motions to Dismiss, allowing very limited discovery primarily involving the City Co-Defendant

* *Polnac v. City of Sulphur Springs, et. al*, Cause No. 4:20-cv-00666 (Doc. 19)(ORDER staying discovery pending resolution of Defendant's motion to dismiss based on qualified immunity);

* *Bennett v. City of Bonham*, Cause No. 4:20-cv-632 (Doc. 17)(ORDER staying discovery pending resolution of Defendant's motion for summary judgment);

* *Thompson v. Pruett, et. al*, Cause No. 4:21-cv-371 (Doc.'s 13 and 16)(ORDER staying discovery pending resolution of motions to dismiss based on immunities);

* *Bey v. Rosamond, et. al.*, Cause No. 4:21-cv-302 (Doc. 14)(ORDER staying discovery pending resolution of Defendants' motions to dismiss based on immunities);

* *Bone v. Skinner*, Cause No. 4:21-cv-201 (Doc. 21)(ORDER staying discovery pending resolution of Defendant's motions to dismiss based on immunity);

* *Delmast v. Collin County, Texas, et. al.*, Cause No. 4:21-cv–298 (Doc. 15)(ORDER staying all discovery, Rule 26 conference requirements, and scheduling requirements pending resolution of Defendants' motions to dismiss based on immunities); and

* *Sanchez v. U.S. Dept. Of Justice, et. al.*, Cause No. 4:21-cv–687 (Doc. 49)(ORDER staying all discovery, Rule 26 conference requirements, and scheduling requirements pending resolution of Defendants' motions to dismiss based on immunities).

The Plaintiff has not alleged facts which constitute plausible claims against these Defendants or which overcome their entitlement to Qualified Immunity - nor will the Plaintiff likely ever be able to do so. Until Rule 12(b)(6) and immunity issues have been resolved, forcing these Defendants to engage in discovery would violate the principals espoused in *Harlow* and 5th Circuit case law. *Harlow*, 472 U.S. at 526; *id*. This is particularly true given the tangential connection, if even at all, of these Defendants to the Plaintiff. As a result, any and all discovery should be completely stayed and no Rule 26 conferences required until the adequacy of the Plaintiff's factual pleadings has been fully resolved. To do otherwise would subjugate the clear protections from discovery discussed above.

## V.
## JOINDER OF CO-DEFENDANTS COLLIN COLLEGE AND DR. MATKIN

Defendants Collin County Community College District and H. Neil Matkin, in his individual and official capacities as president of Collin College have advised that they join in this MOTION and the requested relief sought herein.

## VI.
## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Defendants **ANDREW HARDIN, JAY SAAD, JIM ORR, DR. RAJ MENON, STACEY ANN ARIAS, DR. J. ROBERT COLLINS, DR. STACEY DONALD, GREG GOMEL** and **FRED MOSES** pray that the Court grant their MOTION TO STAY DISCOVERY AND MOTION FOR ABATEMENT OF ANY ORDER FOR RULE 26 CONFERENCE PENDING DETERMINATION OF MOTIONS TO DISMISS; that the Court order that all discovery be suspended until the Court has ruled upon the pending MOTIONS TO DISMISS, and that these Defendants have such other relief, at law or in equity, to which they may show themselves justly entitled.

Respectfully submitted,

By: /s/ *Robert J. Davis*
**ROBERT J. DAVIS**
State Bar No. 05543500
**MATTHEWS, SHIELS, KNOTT,**
**EDEN, DAVIS & BEANLAND, L.L.P.**
8131 LBJ Freeway, Suite 700
Dallas, Texas 75251
972/234-3400 (office)
972/234-1750 (telecopier)

**ATTORNEY FOR DEFENDANTS ANDREW HARDIN, JAY SAAD, JIM ORR, DR. RAJ MENON, STACEY ANN ARIAS, DR. J. ROBERT COLLINS, DR. STACEY DONALD, GREG GOMEL** and **FRED MOSES,** each in their individual and official capacities as Members of the Board of Trustees of Collin Community College

## CERTIFICATE OF CONFERENCE

I hereby certify that on January 13, 2022, I conferred with Plaintiff's counsel Greg Gruebel about the merits of this motion and requested relief. Plaintiff's counsel opposes. I further certify that on January 11, 2022, I conferred with Co-Defendants' counsel Charles Crawford and they agree to the relief requested herein - and in fact join in same. This Motion is therefore submitted to the Court for determination.

/s/ *Robert J. Davis*
**ROBERT J. DAVIS**

## CERTIFICATE OF SERVICE

I hereby certify that on January 13, 2022, I electronically filed the foregoing document with the clerk of the Court for the Eastern District, using the electronic case filing system of the Court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means: Greg Gruebel, Joshua Bleisch, Joshua Morris, Richard Abernathy, Charles Crawford.

/s/ *Robert J. Davis*
**ROBERT J. DAVIS**